UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IN RE:<br><br>1563 28TH AVENUE<br>SAN FRANCISCO, CA 94122 | Case No. 19-cv-01385-LB<br><br>**ORDER GRANTING SUMMARY JUDGMENT TO CLAIMANT JEFFREY NEUSTADT AND DEFERRING THE ALLOCATION OF THE REMAINING FUNDS**<br><br>Re: ECF No. 177, 178 |

## INTRODUCTION

This interpleader action addresses the distribution of surplus funds (deposited into the court's registry fund) after the foreclosure sale of debtor Ali Poorsina's house at 1563 28th Avenue, San Francisco, California (the "Property").[1] At the last hearing (before the court granted summary judgment in favor of Jose Javier Gutierrez and the California Department of Fee and Tax Administration), the funds were $229,772.77.[2] On May 27, 2020, the court granted summary judgment for (1) the California Department of Fee and Tax Administration for $11,913.04 plus monthly interest of $43.47 (starting February 1, 1020) and (2) Jose Gutierrez for $120,658

---

[1] Notice of Removal – ECF No. 1 at 1 (¶ 1); State Petition – ECF No. 1-1 at 3–5; Joint Case Mgmt. Statement – ECF No. 86 at 2–5. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 167 at 2.

ORDER – No. 19-cv-01385-LB

($85,345 for the note (through February 15, 2020), plus monthly interest on the note of $325).[3] Depending on the interest when the clerk disbursed the funds, approximately $94,500 remains. The remaining claimants are (1) Jeffrey Neustadt, who lent Mr. Poorsina $40,000 in 2006, (2) John Cowan, who previously represented Mr. Poorsina and has a lien for his fees, and (3) Mr. Poorsina. The court grants summary judgment to (1) Mr. Neustadt for $40,000 plus 10-percent interest (and directs the submission of a declaration about the interest calculation) and (2) defers its allocation of the remaining funds to Messieurs Cowan and Poorsina until that submission.

## STATEMENT

1. **Neustadt Claim**

The court's previous order had these facts about the Neustadt loan.

> In 2006, Mr. Neustadt was a member of Big Bear Lake Developers LLC.[4] On March 1, 2006, Big Bear loaned Mr. Poorsina $37,000 at 18-percent annual interest, memorialized in a note and secured by a deed of trust (with Mr. Poorsina's notarized signature) that was recorded on March 8, 2006.[5] Big Bear assigned the deed of trust to Mr. Neustadt on June 28, 2013.[6] The parties substituted a new note in October 2006 (signed by Mr. Poorsina on October 10, 2006) with the following terms: (1) the loan amount is $40,000; (2) the yearly interest rate is 18 percent; (3) the monthly principal-and-interest payments are $13,735.32; starting from November 10, 2006; (4) the remaining balance was due on January 10, 2007; and (4) the late charge for payment after the due date was five percent.[7] A provision in the note reflects that it is secured by a deed of trust, "dated the same day as this note," but the parties did not submit a deed of trust.[8] Mr. Poorsina defaulted on the note.[9] Mr. Neustadt

---

[3] *Id.*

[4] Neustadt Decl. – ECF No. 132-7 at 2 (¶ 1).

[5] Mosk Decl. – ECF No. 132-4 at 2 (¶ 2) (describing note but not attaching it) [N.B.: Mr. Poorsina submitted the note (in part) at ECF No. 118-1 at 7]; Big Bear Deed of Trust, Ex. B to *id.* at 8–9; Interest-only Addendum to March 2006 Big Bear Note, Ex. B to Poorsina 1/9/20 Mot. – ECF No. 118-1 at 12–13.

[6] Big Bear Assignment, Ex. C to Mosk Decl. – ECF No. 132–4 at 18–19.

[7] Mosk Decl. – ECF No. 132-1 at 2 (¶ 4); October 2006 Big Bear Note, Ex. A to *id.* at 4–6.

[8] October 2006 Big Bear Note, Ex. A to *id.* at 5.

[9] Mosk Decl. – ECF No. 132-4 at 2 (¶ 5); *see also* Neustadt Decl. – ECF No. 132-7 at 2 (¶ 3).

calculated interest (at 18 percent) on the note and asks for $79,783.60 plus monthly interest from March 1, 2020 of $396.93.[10]

Mr. Poorsina initially contended that his signatures on March 2006 note and deed of trust were forged.[11] But he also apparently conceded the existence of the notes, the deed, and his signature ("[t]here is no genuine dispute that [he signed] the transfer in ownership for the Note"), and instead challenged their "validity" in part under the statute of limitations.[12] He submitted an addendum to the first note, the deed of trust and assignment for the first note, the second note, a March 2006 Fidelity statement reflecting the $37,000 loan, his July 2017 "rescission" of the March 2006 deed (for failure to comply with the Truth in Lending Act), Big Bear filings with the California Secretary of State, and Mr. Neustadt's letter with the 2017 loan balance.[13]

The court granted Mr. Neustadt summary judgment on Mr. Poorsina's challenge to his signature and the validity of the note and limited the interest rate to 10 percent.[14] The court ordered briefing about whether the October 2006 note was secured.[15] Mr. Neustadt responded that the deed of trust specified that it secured "the prepayment of the indebtedness evidenced by borrow notes dated March 1, 2005 and extensions and renewals thereof. . . ."[16]

2. **Cowan Claim**

The court's previous order had these facts about Mr. Cowan's claim.

> On January 4, 2019, Mr. Poorsina hired attorney John Cowan to recover surplus funds following the foreclosure sale of the Property.[17] Their fee agreement is a 40-percent contingency agreement with an initial retainer of $3,500 payable as follows: $1,500 due January 4, 2019, $1,000 due 30 days later, and $1,000 due 60 days later.[18] The agreement provided for an hourly rate of $150, periodic statements detailing Mr. Cowan's hours and

---

[10] Joint Mot. – ECF No. 132 at 2; Proposed Order – ECF No. 158 at 2.

[11] Poorsina 1/9/20 Mot. – ECF No. 118 at 2–3; Poorsina 5/4/20 Decl.– ECF No. 146 at 3 (recounting the same facts).

[12] Poorsina 1/9/20 Mot. – ECF No. 118 at 2–3; Poorsina 5/4/20 Decl. – ECF No. 146 at 8–9.

[13] Big Bear Application, Ex. B to Poorsina 1/9/20 Mot. – ECF No. 118-1 at 13; Notice of Rescission, Ex. B to *id.* – ECF No. 118-1 at 16; Neustadt Letter, Ex. B to *id.* at 19.

[14] Order – ECF No. 167 at 14.

[15] *Id.*

[16] Neustadt Suppl. Br. – ECF No. 177 at 2 (citing Big Bear Deed of Trust, Ex. B to Mosk Decl.– ECF No. 132-4 at 9.

[17] Cowan Decl. – ECF No. 132-6 at 2 (¶ 2); Contingency Agreement, Ex. 1 to *id.* at 4–7.

[18] Contingency Agreement, Ex. 1 to Cowan Decl. – ECF No. 132-6 at 4.

expenses, Mr. Poorsina's written notification (after a statement) with any disputes or questions (and a waiver of any challenges if he did not dispute the charges), and an attorney lien for any sums due.[19] Mr. Poorsina paid the first $1,500 but did not pay the additional retainer funds.[20] At Mr. Poorsina's request, Mr. Cowan continued to perform work under the contingency-fee arrangement.[21] On July 24, 2019, Mr. Poorsina filed a substitution of attorney and thereafter represented himself.[22] Mr. Cowan filed a Notice of Attorney's Lien for 40% of any funds recovered by Mr. Poorsina.[23]

Mr. Cowan submitted a signed copy of the agreement.[24] Mr. "Poorsina challenges the contract agreement . . . because it does not include a binding affirmed signature. . . ."[25] Mr. Poorsina also submitted correspondence from Mr. Cowan: (1) a June 21, 2019 letter about raising the contingency split from 40 percent to 55 percent (given Mr. Poorsina's unwillingness or inability to pay costs); (2) a June 29, 2019 letter (referencing earlier correspondence) about all claims and Peak Foreclosure; (3) a July 16, 2019 email reflecting the failure to pay the $2,000 and Mr. Cowan's resulting suggestion to increase the contingency split; and (4) an August 9, 2019 letter notifying Mr. Poorsina of the Notice of Tax lien.[26] Mr. Cowan documented his hours and hourly rate, paralegal work, and costs: (1) 34.2 attorney hours at $300 per hour for a total of $10,260; (2) 1.25 attorney hours at $150 per hour for a total of $187.50; (3) 15.6 hours of paralegal work at $100 per hour for a total of $1,560.00; and (4) costs of $559.[27] The total is $12,566.50.[28]

The court ordered briefing on (1) the court's jurisdiction to address the fees dispute (recognizing that ancillary jurisdiction might exist), (2) Mr. Cowan's entitlement to his fees (by contract or quantum meruit), and (3) his entitlement to $5,000 for fees after Mr. Poorsina ended Mr. Cowan's representation.[29] Mr. Cowan addressed these points in a supplemental brief.[30]

---

[19] *Id.* at 4–5.

[20] Cowan Decl. – ECF No. 132-6 at 2 (¶ 3).

[21] *Id.*

[22] Substitution of Attorney and Order – ECF No. 33.

[23] Notice of Attorney's Lien – ECF No. 34.

[24] Contingency Agreement, Ex. 1 to Cowan Decl. – ECF No. 132-6 at 7; Contingency Agreement, Ex. A to Poorsina 1/13/20 Mot. – ECF No. 122-1 at 1–5 (unsigned copy).

[25] Poorsina 5/4/20 Decl. – ECF No. 146 at 11.

[26] Cowan Letters, Exs. A–B to Poorsina 1/13/20 Mot. – ECF No. 122-1 at 6–11.

[27] Billing Records, Ex. A to Cowan Supp. Decl. – ECF No. 163-1 at 7.

[28] Order – ECF No. 167 at 8–9. The excerpt of the court's prior order does not maintain the numbering of the footnotes there and instead incorporates them into the numbering of the footnotes in this order.

[29] *Id.* at 15.

[30] Cowan Suppl. Br. – ECF No. 178.

### 3. Poorsina Claim

Mr. Poorsina filed briefs addressing the claimants' respective entitlement to the funds.[31]

## ANALYSIS

The remaining issues are (1) the Neustadt claim, and (2) the respective entitlements of Messieurs Poorsina and Cowan to any remaining funds.[32]

First, as to Mr. Neustadt's claim, as a matter of contract, the parties' manifest intent (in the Neustadt–Poorsina loan transaction) was that the deed of trust secured the loan and any renewals of it. The October note's provision — that it was secured by a deed of trust, "dated the same day as this note" — is perhaps boilerplate and inexact, but the plain words of the deed of trust are not. The $40,000 loan is secured because the deed of trust applies to extensions and renewals of the original note. The interest rate is 10 percent. Within two business days, Mr. Neustadt must submit a declaration substantiating the total due interest on the $40,000 (at 10 percent) as of July 31, 2020 and must identify (as other claimants have) the monthly accrual of interest thereafter. He must serve Mr. Poorsina by email to poorsinajan@gmail.com (and file proof of service). Mr. Poorsina may file any challenges to the interest calculations within seven days after service. The court then will enter judgment in favor of Mr. Neustadt for $40,000 plus interest.

Second, as to Mr. Cowan's claim, the court has ancillary jurisdiction to address the fee dispute for his work in the case. *S. Cal. Gas Co. v. Flannery*, 5 Cal. App. 5th 476, 495 (2016) (although an attorney must generally bring a "separate, independent action against the client" to enforce an attorney's lien, the attorney's answer and motion for fees in an interpleader case can satisfy the "separate and independent action" requirement); *see Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2011). Mr. Cowan does not address the $5,000 in fees after Mr. Poorsina terminated their relationship, and the court thus finds that he is not entitled to them.[33] Mr. Cowan otherwise substantiated his lodestar fees, which (less Mr. Poorsina's payment to him

---

[31] Poorsina Responses – ECF Nos. 179 (Neustadt), 182 (Cowan).

[32] The court incorporates by this reference its earlier analysis. Order – ECF No. 167.

[33] Cowan Decl. – ECF No. 163 at 2 (¶ 3).

of $1,500) results in a balance of $11,066.50.The court defers the allocation of any remaining funds to Messieurs Cowan and Poorsina — likely under the contingency agreement — until Mr. Neustadt submits his supplemental declaration with his interest calculations.

## CONCLUSION

The court grants summary judgment to (1) Mr. Neustadt for $40,000 plus 10-percent interest (and directs the submission of a declaration within two business days about the interest calculation as of July 31, 2020 and the monthly accrual thereafter) and (2) defers its allocation of the remaining funds to Messieurs Cowan and Poorsina until that submission. Mr. Neustadt must serve Mr. Poorsina by email to poorsinajan@gmail.com (and file the proof of service). Mr. Poorsina may file any challenges to the interest calculations within seven days after service.

This disposes of ECF Nos. 177 and 178.

**IT IS SO ORDERED.**

Dated: August 3, 2020.

_____
LAUREL BEELER
United States Magistrate Judge